IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TROY LEE LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 09-cv-886-DRH |
| | ) |
| ALI SUMMERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, a prisoner at the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declaratory and monetary relief. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

On June 25, 2008, two masked men invaded a home, shot one of the occupants thereof in the face, and robbed Patricia Walton. Walton identified one of the masked men as Plaintiff's brother, Louis E. Lacey, Jr. Louis was picked-up for questioning and gave the police a statement denying his involvement in the incident and implicating Plaintiff instead. Louis was released and never charged with a crime. Plaintiff, who has a prior criminal record, was subsequently arrested and charged with the crime. Plaintiff's claim, in a nutshell, is that because Walton implicated Louis and not him, he has been falsely arrested, falsely imprisoned and maliciously prosecuted.

Plaintiff's complaint was filed while he was confined at the Madison County Jail, possibly before his criminal case was resolved. It appears, however, that Plaintiff was ultimately convicted. A check of the Illinois Department of Corrections Inmate Locator Service does indicate a Troy Lacey is currently confined at Western Illinois Correctional Center for a conviction entered by the Circuit Court of Madison County.

**DISCUSSION**

At the outset, the Court notes that "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981) Plaintiff's complaint wholly fails to indicate how each named Defendant is "personally responsible" for the alleged deprivation of Plaintiff's rights. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, the instant complaint should be dismissed for failing to state a claim upon which relief may be granted.

Furthermore, assuming that Plaintiff has been convicted, the gravamen of his claim - that he is actually innocent of the home invasion, attack, and robbery - necessarily would call into question the validity of his conviction. Plaintiff cannot recover damages on his claim unless and until he has had his conviction reversed, overturned, or called into question in an appropriate proceeding. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (if plaintiff files his false arrest claim before he is convicted and, then, plaintiff is ultimately convicted *Heck* will require dismissal if the suit would impugn that conviction).

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count

as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**DATED:** April 27, 2010.

/s/    DavidRHerndon
**DISTRICT JUDGE**